**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BOBBY E. BURTON, JR.,

    Petitioner,

                              Civil Action 2:14-CV-10693

v.                           HONORABLE GERSHWIN A. DRAIN
                              UNITED STATES DISTRICT COURT

PROVIDER MCGLASSON,

    Respondent,

_____/

**<u>OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR
WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA
PAUPERIS</u>**

**I. <u>INTRODUCTION</u>**

    Bobby E. Burton, Jr., ("Petitioner"), presently incarcerated with the

Texas Department of Criminal Justice, Correctional Institution Division at the

Coffield Unit in Tennessee Colony, Texas has filed a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, Mr.

Burton claims that he is being denied medications for an unspecified medical

condition.  For the reasons stated below, the petition for writ of habeas corpus

is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

1

## II. <u>DISCUSSION</u>

The instant petition is subject to summary dismissal because petitioner is challenging the conditions of his confinement.

Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints like the ones raised by petitioner which involve conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose,* 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). A petition for writ of habeas corpus is not the proper vehicle for a prisoner's claim that prison officials have been deliberately indifferent to his medical needs, because release from custody is not an available remedy for a deliberate indifference claim. *See In re Owens,* 525 Fed. App'x 287, 290 (6th Cir. 2013); *Glaus v. Anderson,* 408

F. 3d 382, 387 (7th Cir. 2005); *Hamilton v. Gansheimer,* 536 F. Supp. 2d 825, 841-42 (N.D. Ohio 2008).  An inmate like petitioner should therefore bring his medical indifference claim as a civil rights complaint. *Glaus,* 408 F. 3d at 386-87.  Because petitioner challenges only the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell,* 170 Fed. App'x 389, 393 (6th Cir. 2006).

This Court, will not, however, convert petitioner's habeas petition into a civil rights action.  The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997).  Under the PLRA, when an inmate seeks pauper status, the only issue for the district court to determine is whether the inmate is required to pay the entire four hundred ($ 400.00) dollar filing fee at the outset of the case or over a period of time under an installment plan. *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  If a prisoner wishes to file a civil action and seek pauper status, the prisoner must file an affidavit of indigency as well as a certified copy of his or her prison account statement showing the activity in the inmate's prison account for the previous

six months. *Id.* at 605.

In addition, the PLRA requires that district courts screen all civil cases brought by prisoners. See *McGore*, 114 F. 3d at 608.  If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612.  Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

Finally, a federal district court may dismiss an incarcerated plaintiff's civil case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C.§ 1915(g) (1996); *See also Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999).

Because of the vastly different procedural requirements for habeas petitions and other civil actions brought by prisoners, a court confronted with a habeas petition that is properly brought under § 1983 should dismiss the

4

petition, rather than "converting" the petition to a civil action brought pursuant to § 1983. *Richmond v. Scibana*, 387 F. 3d 602, 606 (7th Cir. 2004); *See also Martin v. Overton*, 391 F. 3d 710, 713 (6th Cir. 2004)(holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner).

Finally, even if this Court had the authority to convert the habeas petition to a civil rights lawsuit, it would decline to do so, because venue for any such lawsuit would be improper in this district because petitioner alleges that he is being denied medications while incarcerated in Texas. Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). Venue for any civil rights lawsuit would not be proper in the Eastern District of Michigan, because petitioner does not allege that any of the acts, events, or omissions which would form the basis of such a lawsuit took place in this district. *See Miles v. WTMX Radio,* 15 Fed. App'x 213, 215 (6th Cir. 2001).

5

### III.  CONCLUSION

The Court will summarily dismiss the petition for writ of habeas corpus. The dismissal is without prejudice to petitioner re-filing a civil rights action in the correct federal district court in Texas. [1]

The Court will also deny a certificate of appealability to petitioner.  28 U.S.C. § 2253 governs appeals in habeas corpus proceedings.  Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th 1997).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny the petitioner a certificate of appealability, because reasonable jurists would not find debatable this Court's determination that petitioner's challenge to his conditions of confinement should be brought in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than as a habeas action. *See Rachal v. Quarterman,* 265 Fed. Appx. 371, 377 (5th Cir. 2008).

---

[1]   The Coffield Unit where petitioner is imprisoned is located in the United States District Court for Eastern Texas, Tyler Divison. *See Wehmhoefer v. Quarterman,* No. :07-CV-2185-B; 2008 WL 533996, * 2 (N.D. Tex. February 27, 2008).

6

The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

/sGershwin A Drain
**HON. GERSHWIN A. DRAIN**
UNITED STATES DISTRICT JUDGE

DATED: February 24, 2014

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **February 24, 2014.**

s/Tanya R. Bankston
TANYA R.BANKSTON
Case Manager & Deputy Clerk