UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY E. BURTON, JR.,

        Petitioner,

                                            Case No. 14-cv-10693
                                            Honorable Gershwin A. Drain

v.

PROVIDER MCGLASSON,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION
### FOR APPOINTMENT OF COUNSEL [#7]

On April 2, 2014, Bobby E. Burton ("Petitioner") filed this Motion for Appointment of Counsel. *See* Dkt. No. 7. Upon reviewing Petitioner's request, the Court will **DENY** Petitioner's Motion. The Court summarily dismissed Petitioner's Petition for a Writ of Habeas Corpus on February 24, 2014 because Petitioner was challenging the conditions of his confinement. *See* Dkt. No. 4 at 1. A review of the docket reveals that Petitioner has failed to file a Notice of Appeal.

As previously noted by this Court, Petitioner's habeas petition was dismissed because it focused on the denial of medications for an unspecified medical condition, and did not " 'relate to the legality of the petitioner's confinement, nor . . . to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner.' " *See* Dkt. No. 2 (quoting *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007)); *see also id.* at 3 (quoting *Hodges v. Bell*, 170 Fed. App'x 389, 393 (6th Cir. 2006), to conclude: "Because petitioner challenges only the conditions of his confinement, his claims 'fall outside of the cognizable core

-1-

of habeas corpus relief.' "). Because Petitioner's habeas petition dealt with his conditions of confinement, the Court noted that an inmate like Petitioner should "bring his medical indifference claim as a civil rights complaint." *Id.* at 3 (citing *Glaus v. Anderson*, 408 F.3d 382, 287 (N.D. Ohio 2008).

The Court specifically noted that it did not have the authority to convert Petitioner's habeas petition into a civil rights lawsuit. *See id.* at 4-5 (citing *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004); *Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004)). Moreover, the Court noted that even if it had such authority, the Court would decline to use it "because venue for any such lawsuit would be improper in this district because petitioner alleges that he is being denied medications while incarcerated in Texas." *Id.* at 5.[1]

Because Petitioner has not filed a Notice of Appeal, there is no active case in this Court, and this would be the improper venue for Petitioner's civil rights action; Petitioner's Motion for Appointment of Counsel is **DENIED**.

SO ORDERED.

Dated: December 9, 2014

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge

---

[1] Petitioner is imprisoned in the United States District Court for Eastern Texas, Tyler Division. *See Wehmhoefer v. Quarterman,* No. 3:07-cv-2185-B, 2008 WL 533996, * 2 (N.D. Tex. Feb. 27, 2008).

-2-